UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRINIDAD MARTINEZ SANTOYO,<br><br>               Petitioner,<br><br>   v.<br><br>LASHA BOYDEN, et al.<br><br>               Respondents. | No.  2:25-cv-2656 TLN CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

     Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Secretary of State's decision that petitioner be surrendered to Mexico to face charges of aggravated homicide, unfair advantage, based upon his belief that if surrendered he will be tortured and killed.  For the reasons which follow, the court recommends that the petition be denied.

I. Procedural History

     On February 24, 2023, in 2:21-mj-0125 CKD 1, Magistrate Judge Kendall Newman[1] granted a motion brought by the United States seeking certification of the extradition of petitioner to Mexico.  Underlying the granting of that motion was Magistrate Judge Newman's finding that

---

[1] The undersigned was assigned to 2:21-mj-0125 CKD 1 after the retirement of Magistrate Judge Newman.

1 there is probable cause to support the Mexican charge of intentional aggravated homicide, unfair
2 advantage.  The certification was forwarded to the Secretary of State as is required under 18
3 U.S.C. § 3184.

4      "The decision to certify a person as extraditable is not subject to direct appeal but may be
5 challenged collaterally through habeas corpus review." Prasoprat v. Benov, 421 F.3d 1009, 1013
6 (9th Cir. 2005).  Petitioner filed a petition for a writ of habeas corpus challenging Magistrate
7 Judge Newman's decision on March 10, 2023, in 2:23-cv-0447 DJC JDP.  That petition was
8 denied on March 27, 2024, and petitioner appealed.  The Ninth Circuit affirmed the denial on
9 March 11, 2025, in case no. 24-1967.  Petitioner then filed a petition for writ of certiorari with the
10 United States Supreme Court, which was denied on October 6, 2025, in case no. 24-7375.

11      After a finding of probable cause, it is up to the Secretary of State to determine whether a
12 person will be surrendered to Mexico.  18 U.S.C. § 3186.  On June 13, 2025, petitioner submitted
13 a letter to the Secretary of State, including legal arguments and exhibits, in which he claims that
14 his extradition is barred by federal statutes and regulations because of the likelihood that he will
15 be tortured.  ECF No. 1-2.  In a letter dated September 12, 2025, petitioner was informed by Tom
16 Heinemann, Attorney Adviser, Law Enforcement and Intelligence, U.S. Department of State, that
17 "following a review [of] all pertinent information," "the Deputy Secretary of State decided to
18 authorize" extradition.  ECF No. 1-1.  Petitioner challenges that decision.

19 II. Analysis

20      Under 8 U.S.C. § 1231 and pursuant to the United States' ratification of the United
21 Nations Convention Against Torture in 1994, it is "the policy of the United States not to . . .
22 extradite . . . any person to a country in which there are substantial grounds for believing the
23 person would be in danger of being subjected to torture."  8 U.S.C. § 1231 note (a).  Also, under
24 that statute, the Department of State must implement regulations putting the policy into effect.  Id.
25 note b.  The Department of State has done so.  22 C.F.R. §§ 95.1–95.4.  Pursuant to the
26 regulations, when an allegation of torture is made the "appropriate policy and legal offices review
27 and analyze information relevant to the case in preparing a recommendation to the Secretary as to
28 whether or not to sign the surrender warrant."  Id. at § 95.3(a).  Then the Secretary of State must

determine whether it is more likely than not that the person attempting to stop extradition will be tortured. Trinidad y Garcia v. Thomas, 683 F.3d 952, 956–57 (9th Cir. 2012).

In Trinidad y Garcia, the Ninth Circuit held that to survive a challenge to the Secretary's decision concerning the likelihood of torture, the record before the court must include evidence that the Secretary of State performed its duties under the regulations identified above. Id. at 957. If the record so reflects, the person seeking to halt extradition's "liberty interest [arising under the Due Process Clause of the Fifth Amendment] shall be fully vindicated." Id. Separation of powers and the "rule of non-inquiry"[2] block any further substantive judicial review. Id. With their motion to dismiss, respondents provide a declaration from Mr. Heinemann in which he indicates "Deputy Secretary of State [Christopher] Landau authorized [petitioner's] extradition" following "a review of all pertinent information" and "[a]s the official responsible for managing the Department's responsibilities in this case, I [Mr. Heinemann] confirm that the decision to surrender [petitioner] to Mexico complies with the United States' obligations under the Convention [Against Torture] and its implementing statute and regulations." ECF No. 19-1.

In Sridej v. Blinken, 108 F.4th 1088, (9th Cir. 2024) the Ninth Circuit recently found that essentially the same evidence was sufficient to establish that the Secretary of State did as required under federal law with respect to an allegation of likely torture. This being the case, the court has no basis to enjoin the Secretary of State's decision that petitioner be surrendered to Mexico.

III.  Denial of Motion for Discovery

In his petition, petitioner requests permission to engage in discovery. In light of the foregoing and because it does not appear allowing discovery would serve any purpose, that request will be denied.

/////

/////

---

[2] The "rule of non-inquiry" is "the long-standing principle that courts should refrain from inquiring into how an individual will be treated by a foreign state if extradited." Santos v. Thomas, 830 F.3d 987, 1007 n. 9 (9th Cir. 2016). "In other words, the rule bars the judiciary from preventing the surrender of a fugitive on the basis of humanitarian considerations once extradition has been certified, reserving that decision to the Secretary of State." Id.

1    Accordingly, IT IS HEREBY ORDERED that petitioner's request to engage in discovery is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No.1) be denied; and
2. This case be closed

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 24, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sant2656.2241